# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **TRACY E. McGINNIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **8:09CV29** |
| | ) | |
| **CHRIST THE KING CHURCH** | ) | **REPORT AND** |
| **OF OMAHA,** | ) | **RECOMMENDATION** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court on plaintiff's Motion for Remand (Doc. 6).

Plaintiff filed this action in state court alleging claims of employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621-634 ("ADEA"), the Nebraska Age Discrimination in Employment Act ("NADEA"), and the Nebraska Fair Employment Practices Act ("NFEPA") .  Defendant timely removed the case to federal court pursuant to 28 U.S.C. §§ 1441, citing the court's federal question jurisdiction, *see* 28 U.S.C. § 1331, and supplemental jurisdiction, *see* 28 U.S.C. § 1367.

The complaint alleges that plaintiff was wrongfully terminated from her employment based upon her age, gender, pregnancy and marital status.  In her brief, plaintiff acknowledges that she has "pled three federal statutes," i.e., the Pregnancy Discrimination Act, Title VII and the ADEA, as well as two state statutes, i.e., the NADEA and the NFEPA. Citing no case law, plaintiff contends that her allegations of discrimination based on marital status constitute a "novel issue of state law" under the NFEPA.  Hence, it is argued, the court should decline to exercise supplemental jurisdiction over the NFEPA claim and should remand all of the claims to state court or, in the alternative, should remand the state law claims and retain jurisdiction over the federal law claims.

Pursuant to 28 U.S.C. § 1367(a), the federal district court is given supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  As Magistrate Judge Piester has explained,

Under 28 U.S.C. § 1441(a), the defendant may remove a civil action filed in state court to the federal court of the forum state if the federal court could have exercised original jurisdiction over the case. When a federal court has original jurisdiction over a federal question raised in a removed case, pursuant to 28 U.S.C. § 1367, it has supplemental jurisdiction (formerly known as pendent and ancillary jurisdiction) over any alleged state law claims arising from the same core of operative facts.

*McNerny v. Nebraska Pub. Power Dist.*, 309 F. Supp. 2d 1109, 1114 (D. Neb. 2004) (citing *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164 (1997)). "If, when 'considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.'" *Id.* at 1116 (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

"When federal question jurisdiction exists over the case, and the court also has supplemental jurisdiction over plaintiff's state claims, the federal court does not have discretion to refuse jurisdiction except as provided in 28 U.S.C. § 1367(c). *McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994)." *McNerny*, 309 F. Supp. 2d at 1117. Section 1367(c) allows the court to decline to exercise supplemental jurisdiction over the plaintiff's state law claims if

(1)  the claim raises a novel or complex issue of State law,
(2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3)  the district court has dismissed all claims over which it has original jurisdiction, or
(4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

In this case, all claims asserted by the plaintiff arise from the same core of operative facts; however, she asserts that her NFEPA claim for discrimination based on marital status presents novel or complex issues of state law and substantially predominates over her federal law claims for sex, pregnancy, and age discrimination. There is no merit to this argument.

Similar to Title VII, the NFEPA prohibits an employer from discharging or harassing an individual "because of such individual's race, color, religion, sex, disability, marital status, or national origin." Neb. Rev. Stat. §

48-1104(1).  Both the Nebraska Supreme Court and our court have stated the NFEPA "is patterned after Title VII," and, therefore, "it is appropriate to consider federal court decisions construing the federal legislation" when considering questions under the NFEPA. *City of Fort Calhoun v. Collins*, 243 Neb. 528, 500 N.W.2d 822, 825 (1993); *see also Orr v. Wal-Mart Stores, Inc.*, 297 F.3d 720, 723 (8th Cir. 2002).

*Al-Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1040 (8th Cir. 2005).  This court has, in fact, recently exercised supplemental jurisdiction over NFEPA claims for discrimination based on marital status.  *See, e.g., Ulmer v. Midwest Fitness Sys., Inc.*, 2007 WL 2003402, Case No. 8:06CV372 (D. Neb., July 5, 2007).

This court has jurisdiction over all the claims asserted by the plaintiff.  Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Remand (Doc. 6) be denied.

Pursuant to NECivR 72.3, a party may object to a this Report and Recommendation by filing an "Objection to Report and Recommendation" within ten (10) days after being served with the recommendation. The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.

**DATED February 26, 2009.**

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge